UNITED STATES of America ex rel.
Wesley WRIGHT, Relator-
Appellant,

v.

Walter H. WILKINS, Warden, Attica
State Prison, Attica, New York, and The
People of the State of New York, Re-
spondents-Appellees.

United States Court of Appeals
Second Circuit.

Submitted Nov. 2, 1959.

Decided Dec. 7, 1959.

Waterman, Circuit Judge, dissent-
ed.

Wesley Wright, relator-appellant pro
se.

Herbert J. Wallenstein, Asst. Atty.
Gen. of the State of New York, New York
City, for respondents-appellees.

Before CLARK, Chief Judge, and
HINCKS and WATERMAN, Circuit
Judges.

PER CURIAM.

Relator appears not to have exhausted
his state remedies, and further his claim
of error deals only with the sentence,
and not with the question of guilt. The
sentence as given was within the power
of the state judge.

Accordingly the motions are denied
and the appeal is dismissed.

WATERMAN, Circuit Judge (dissent-
ing).

I dissent. I would remand. From the
scanty record before us it appears that
the court below considered state remedies
to have been exhausted. I tend to agree.

The action of the district judge in this
case reads as follows:

"Petitioner in person
   filing in forma pauperis allowed
      The application is denied upon the
       merits."

I would remand in order that the state
record may be called for and examined
by the district judge, and that findings
be made in support of whatever disposi-
tion of the case the judge may then make.

It would appear from petitioner's mov-
ing papers that he pled guilty in a New
York state court to a charge of grand
larceny, first degree, and at that time
he was represented by the same assigned
counsel who simultaneously represented
one Melvin Hall; that Hall was per-
mitted to plead guilty to petit larceny;
that when Wright and Hall were ap-
prehended they had been in an auto-
mobile claimed to have been stolen, and
that Hall was driving it; that relator
was a "young lad" and that Hall was a

23-year-old adult with a record of seven years in conflict with the law; that upon assigned counsel's advice petitioner entered his plea of guilty; and that at time of sentence assigned counsel devoted considerable time to addressing the court on the part of Hall, during which address he placed responsibility for the crime upon petitioner, and devoted no comparable attention to petitioner's needs. These allegations, in my opinion, even though all the proceedings were in the state court, warrant a full hearing, Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680.