272 F.2d 881
 UNITED STATES of America ex rel. Wesley WRIGHT, Relator-Appellant,
v.
Walter H. WILKINS, Warden, Attica State Prison, Attica, New
York, and The People of the State of New York,
Respondents-Appellees.
 United States Court of Appeals Second Circuit.
 Submitted Nov. 2, 1959.
Decided Dec. 7, 1959.
 
 Wesley Wright, relator-appellant pro se.
 Herbert J. Wallenstein, Asst. Atty. Gen. of the State of New York, New York City, for respondents-appellees.
 Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Relator appears not to have exhausted his state remedies, and further his claim of error deals only with the sentence, and not with the question of guilty. The sentence as given was within the power of the state judge.
 
 
 2
 Accordingly the motions are denied and the appeal is dismissed.
 
 
 3
 WATERMAN, Circuit Judge (dissenting).
 
 
 4
 I dissent. I would remand. From the scanty record before us it appears that the court below considered state remedies to have been exhausted. I tend to agree.
 
 
 5
 The action of the district judge in this case reads as follows:
 
 
 6
 'Petitioner in person filing in forma pauperis allowed
 
 
 7
 The application is denied upon the merits.'
 
 
 8
 I would remand in order that the state record may be called for and examined by the district judge, and that findings be made in support of whatever disposition of the case the judge may then make.
 
 
 9
 It would appear from petitioner's moving papers that he pled guilty in a New York state court to a charge of grand larceny, first degree, and at that time he was represented by the same assigned counsel who simultaneously represented one Melvin Hall; that Hall was permitted to plead guilty to petit larceny; that when Wright and Hall were apprehended they had been in an automobile claimed to have been stolen, and that Hall was driving it; that relator was a 'young lad' and that Hall was a 23-year-old adult with a record of seven years in conflict with the law; that upon assigned counsel's advice petitioner entered his plea of guilty; and that at time of sentence assigned counsel devoted considerable time to addressing the court on the part of Hall, during which address he placed responsibility for the crime upon petitioner, and devoted no comparable attention to petitioner's needs. These allegations, in my opinion, even though all the proceedings were in the state court, warrant a full hearing, Glasser v. United States, 1942, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680.